EXHIBIT

A

Deputy J. Maxwell
Badge #433

Delivery this _5_ day of _____ 20__

ALAN ROSEN, Constable
Precinct #1, Harris County CT1

By _____

Precinct No. 01
Deputy No. 1C17

**CITATION**

IN ADDITION TO THE DELINQUENT TAXES THERE ARE COURT COSTS ASSESSED BY THE DISTRICT CLERK'S OFFICE. FOR COURT COST INFORMATION ONLY CALL (713) 755-5711. FOR TAX AMOUNTS CALL YOUR TAX OFFICE. FOR QUESTIONS CONCERNING THIS LAWSUIT CALL THE ATTORNEY LISTED IN THE PETITION.

**STATE OF TEXAS**
**COUNTY OF HARRIS**

Tracking No. **74533698**

Not prepared by the District Clerk. District Clerk only certifies to the fact the case is on file in his office. The party and the pleading named are a true and correct reflection of the records on file in his office under the above captioned cause number.

**SUIT NO. 202554013**

TO:   Bruce Allen Jackson, Jr.
        5503 Chapman St
        Houston, TX 77009
        (Harris County)

GREETING: **YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next after the expiration of 20 days after you were served this citation, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**YOU ARE HEREBY COMMANDED** to appear and answer, by filing a written answer, before the Honorable District Court, 333rd Judicial District, Harris County, Texas, at the Courthouse of said county in Houston, Texas, at or before 10 o'clock a.m. of the Monday next after the expiration of 20 days from the date of service of this citation, then and there to answer the Petition of CITY OF HOUSTON, ET AL, Plaintiff(s), filed in said Court on the 31st day of July, 2025, against **BRUCE ALLEN JACKSON, JR., ET AL.**

The nature of the suit is a demand to collect delinquent ad valorem taxes, penalties, interest, attorney's fees, court costs and $350.00 in abstractor's fees incurred on the property described in Plaintiff(s) Petition, a true and correct copy of which is attached hereto and incorporated herein as if repeated verbatim.

The amount of taxes due Plaintiff(s), exclusive of interest, penalties, and costs, is the sum of $4,934.15, said property being described as: **LOT TEN (10), BLOCK ONE HUNDRED EIGHTY-TWO (182), OF RYON ADDITION, AN ADDITION TO THE CITY OF HOUSTON, IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF, RECORDED IN VOLUME 9A, PAGE 111 OF THE DEED RECORDS, HARRIS COUNTY, TEXAS.**

The names of all taxing units that assess and collect taxes on said properties, other than the Plaintiff(s) named above, are: HARRIS COUNTY; HARRIS COUNTY HOSPITAL DISTRICT; HARRIS COUNTY DEPARTMENT OF EDUCATION; HARRIS COUNTY FLOOD CONTROL DISTRICT; PORT OF HOUSTON AUTHORITY AND GREATER NORTHSIDE MANAGEMENT DISTRICT. The foregoing taxing units, if any be shown, are made and joined as parties to this suit and invited to add their claim by intervening herein. There are no taxing units which assess and collect taxes on said property that Plaintiff(s) has failed to join as a party to this suit.

Plaintiff and all other taxing units who may set up their tax claims herein seek recovery of delinquent ad valorem taxes on the property and in addition to the taxes, all interest, penalties, attorney fees, abstractor costs and court costs allowed by law up to and including the date of judgment, post judgment interest at the maximum rate allowed by law and the establishment and foreclosure of liens securing the payment of same, as provided by law.

All parties to this suit shall take notice that claims not only for any taxes which were delinquent on the property at the time this suit was filed but all taxes becoming delinquent at any time thereafter up to the day of judgment, including all interest, penalties, attorney fees, and costs allowed by law may be recovered without further citation or notice to any parties and all parties shall take notice of and plead and answer to all claims and pleadings now on file and which may be filed in this cause by all other parties and by all those taxing units above named, who may intervene and set up their tax claims against the property.

If this citation is not served within 90 days after the date of its issuance, it shall be returned unserved.

THE OFFICER OR OTHER AUTHORIZED PERSON EXECUTING THIS RETURN SHALL PROMPTLY SERVE THE SAME ACCORDING TO THE REQUIREMENTS OF LAW AND THE MANDATES HEREOF AND MAKE DUE RETURN AS THE LAW DIRECTS.

Issued and given under my hand and seal of said Court at Houston, Texas, this the __28__ day of __AUGUST__, 20__25__.

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
PO BOX 3064
HOUSTON, TX 77253-3064
(713) 844-3580; (713) 844-3502 - FAX

ATTORNEY FOR PLAINTIFF

MARILYN BURGESS
CLERK OF THE DISTRICT COURTS
OF HARRIS COUNTY, TEXAS
201 CAROLINE 4TH FLOOR
HOUSTON, TX 77002

By: _____
Deputy
Connor Harrison

<u>2025-54013</u>
### OFFICER'S RETURN

CAME TO HAND on the _____ day of _____, _____, at _____ o'clock ____.M. and executed in _____ County, Texas, by delivering in person, a true copy of this citation and petition; to the following Defendant at time and place, to-wit:

| DATE | TIME | AM/PM | |
|------|------|-------|---|
| _____ | _____ | _____.M. | Bruce Allen Jackson, Jr.<br>5503 Chapman St<br>Houston, TX 77009<br>(Harris County) |

**Where Delivered, if different than that shown:**

_____     _____
                                              Sheriff/Constable

By: _____     _____ County, Texas
    Deputy

*******************************************************************************************

### ALTERNATE RETURN

**(Complete this Alternate Return only if unable to locate defendant)**

CAME TO HAND on the _____ day of _____, _____, at _____ o'clock ____.M. and after due and diligent search, <u>I HAVE BEEN UNABLE TO LOCATE</u> the within named Defendant in _____ County, nor have I been able to learn their whereabouts except as follows:

### NOTICE

**\* If Substituted Service of Citation is required on this Defendant \***

The Courts require the following:

1. *A MINIMUM OF SIX (6) ATTEMPTS FOR SERVICE OVER A TWO (2) WEEK PERIOD.*
2. These attempts cannot be on consecutive days.
3. Each attempt at service must be made at different hours of the day. (morning, afternoon and evening)
4. Provide a written explanation of what occurred on *each* attempt at service.
5. Do not use abbreviations.

| DATE | TIME | AM/PM | EXPLANATION |
|------|------|-------|-------------|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

                                              _____
                                              Sheriff/Constable

                    By    _____

                          HARRIS COUNTY, TEXAS
                          Deputy

202554013                                          Date Requested: August 27, 2025

7/31/2025 8:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 103849082
By: Auto Clerk
Filed: 7/31/2025 8:14 PM

# 2025-54013 / Court: 333

SUIT NO. _____

| | | |
|---|---|---|
| CITY OF HOUSTON, ET AL | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| BRUCE ALLEN JACKSON, JR., ET AL | § | HARRIS COUNTY, TEXAS |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

I.

### PLAINTIFF(S)

This suit is brought for the recovery of delinquent ad valorem taxes under TEX. TAX CODE § 33.41 by the following named Plaintiff(s), whether one or more, each of which is a taxing unit and is legally constituted and authorized to impose and collect taxes on property:

**CITY OF HOUSTON, HOUSTON INDEPENDENT SCHOOL DISTRICT and HOUSTON COMMUNITY COLLEGE SYSTEM**

The Plaintiff(s) intends discovery to be conducted under Level 2 of Rule 190, Texas Rules of Civil Procedure.

### DEFENDANT(S)

The following are named as Defendant(s) in this suit, and they may be served with notice of these claims by service of citation at the address and in the manner shown as follows:

**Bruce Allen Jackson, Jr., 7932 Wileyvale Rd., Houston, TX 77016;**

**The State of Texas, (In Rem Only), against whom foreclosure only is sought herein, said state having acquired its interest in the subject property through the office of the Attorney General of the State of Texas by virtue of Child Support Lien filed on the 1st day of April, 2025, Clerk's File No. RP-2025-118176, Child Support Lien Records of Harris County, Texas, upon whom service may be obtained by serving Honorable Ken Paxton, Attorney General for the State of Texas or his designee for service of process, 300 West 15th Street, Austin, Texas 78701**

If any party is shown at an unknown address, the Defendant(s) include such person's unknown heirs, successors and assigns, whose identity and location are unknown, unknown owners, such unknown owner's heirs, successors and assigns, and any and all other persons, including adverse claimants, owning or having or claiming any legal or equitable interest in or lien upon the property which is the subject of the delinquent tax claim in this case.

The following taxing unit(s), whether one or more, is joined as a party herein as required by TEX. TAX CODE § 33.44(a) because it may have a claim and lien for delinquent taxes against all or part of the same property described below: **HARRIS COUNTY; HARRIS COUNTY DEPARTMENT OF EDUCATION; HARRIS COUNTY FLOOD CONTROL DISTRICT; HARRIS COUNTY HOSPITAL DISTRICT; PORT OF HOUSTON AUTHORITY and GREATER NORTHSIDE MANAGEMENT DISTRICT.** The foregoing named taxing unit(s), if any, is invited to add its claim by intervening herein.

## II.

Claims for all taxes becoming delinquent on said property at any time subsequent to the filing of this suit, up to the day of judgment, including all penalties, interest, attorney's fees, and costs on same, are incorporated in this suit, and Plaintiff(s) is entitled to recover the same, upon proper proof, without further citation or notice. Plaintiff(s) is further entitled to recover each penalty that is incurred and all interest that accrues on all delinquent taxes imposed on the property from the date of judgment to the date of sale.

## III.

As to each separately described property shown below, there are delinquent taxes, penalties, interest, and costs justly due, owing and unpaid to Plaintiff(s) for the tax years and in the amounts as follows, if paid in **July, 2025**:

### PROPERTY AND AMOUNTS OWED

**ACCT. NO.0311820000010; Lot Ten (10), Block One Hundred Eighty-Two (182), Of Ryon Addition, An Addition To The City Of Houston, In Harris County, Texas, According To The Map Thereof, Recorded In Volume 9A, Page 111 Of The Deed Records, Harris County, Texas.**

**CITY OF HOUSTON**

| Tax Year(s) | Tax Amount | Penalties and Interest | Total Due |
|---|---|---|---|
| 2023 | $333.88 | $186.97 | $520.85 |
| 2024 | $1,393.66 | $579.76 | $1,973.42 |
| **TOTALS:** | **$1,727.54** | **$766.73** | **$2,494.27** |

**HOUSTON INDEPENDENT SCHOOL DISTRICT**

| Tax Year(s) | Tax Amount | Penalties and Interest | Total Due |
|---|---|---|---|
| 2023 | $558.36 | $312.68 | $871.04 |
| 2024 | $2,330.77 | $969.60 | $3,300.37 |
| **TOTALS:** | **$2,889.13** | **$1,282.28** | **$4,171.41** |

**HOUSTON COMMUNITY COLLEGE SYSTEM**

| Tax Year(s) | Tax Amount | Penalties and Interest | Total Due |
|---|---|---|---|
| 2023 | $59.30 | $33.21 | $92.51 |
| 2024 | $258.18 | $107.40 | $365.58 |
| **TOTALS:** | **$317.48** | **$140.61** | **$458.09** |

| **TOTAL DUE** | | | **$7,123.77** |

The total aggregate amount of taxes, penalties, interest, and attorney's fees (if any) for which Plaintiff(s) sues is **$7,123.77**, subject to additional taxes, penalties, interest, and attorney's fees that accrue subsequent to the filing of this petition.

IV.

All of the taxes were authorized by law and legally imposed in the county in which this suit is brought. The taxes were imposed in the amount(s) stated above on each separately described property for each year specified and, on each person, named, if known, who owned the property on January 1 of the year for which the tax was imposed. Plaintiff(s) now has and asserts a lien on each tract of real property and each item of personal property described herein to secure the payment of all taxes, penalties, interest and costs due. Pursuant to Rule 54 of the Texas Rules of Civil Procedure, Plaintiff(s) affirmatively avers that all things required by law to be done have been done properly by the appropriate officials and all conditions precedent have been met.

V.

All of the property described above was, at the time the taxes were assessed, located within the territorial boundaries of each taxing unit in whose behalf this suit is brought. All Defendants named in this suit either owned the property that is the subject of this suit on January 1 of the year in which taxes were imposed on said property, or owned or claimed an interest in or lien upon said property at the time of the filing of this suit. The value of any personal property that may be described above, and against which the tax lien is sought to be enforced, is in excess of TWO THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($2,500.00).

VI.

The Law Firm represented by the attorney whose name is signed hereto is legally authorized and empowered to institute and prosecute this action on behalf of Plaintiff(s). Plaintiff(s) should recover attorney's fees as provided by law for the prosecution of this case, and such attorney's fees should be taxed as costs.

VII.

Plaintiff(s) may have incurred certain expenses in the form of abstractor's costs in procuring data and information as to the name, identity and location of necessary parties, and in procuring necessary legal descriptions of the property that is the subject of this suit. Said expenses, if incurred, are reasonable and are in the following amount: $350.00. The abstractor's costs, if any be shown, should be taxed as costs herein.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff(s) requests that citation be issued and served upon each Defendant named herein, commanding them to appear and answer herein in the time and manner required by law. Plaintiff(s) further prays, upon final hearing in this cause, for foreclosure of its liens against the above-described property securing the total amount of all delinquent taxes, penalties and interest, including taxes, penalties and interest becoming delinquent during the pendency of this suit, costs of court, attorney's fees, abstract fees, and expenses of foreclosure sale. Plaintiff(s) further prays for personal judgment against Defendant(s) who owned the property on January 1 of the year for which the taxes were imposed for all taxes, penalties, interest, and costs that are due or will become due on the property, together with attorney's fees and abstractor's fees. Plaintiff(s) further prays for: (1) the appropriate order of sale requiring the foreclosed property to be sold, free and clear of any right, title or interest owned or held by any of the named Defendants, at public auction in the manner prescribed by law, and (2) writs of execution, directing the sheriffs and constables for the State of Texas, to search out, seize, and sell sufficient property of the Defendant(s) against whom personal

*Pg 6*

judgment may be awarded to satisfy the lawful judgment sought herein.  Finally, Plaintiff(s) prays for such other and further relief, at law or in equity, to which it may show itself justly entitled.  However, Plaintiff(s) do not pray for personal judgment against any defendant(s) identified in paragraph I as IN REM ONLY.  Plaintiff(s) pray for costs of court and for such other and further relief, at law or in equity, to which they may show themselves justly entitled.

                        Respectfully submitted,

                        LINEBARGER GOGGAN
                        BLAIR & SAMPSON, LLP
                        PO Box 3064
                        Houston, TX 77253-3064
                        (713) 844-3580, (713) 844-3502 - Fax

                        Angelica M. Hernandez
                        Angelica.Hernandez@lgbs.com
                        State Bar No. 00797872
                        Margaret Alfred
                        Margaret.Alfred@lgbs.com
                        State Bar No. 24104378
                        Cinthya Pena Reade
                        Cinthya.Reade@lgbs.com
                        State Bar No. 24110206
                        Attorneys for Plaintiff(s)

100 415

Marilyn Burgess - District Clerk Harris County
Envelope No. 105187789
By: Auto Clerk
Filed: 9/4/2025 9:53 AM

2025-54013 / Court: 333

## CITATION

IN ADDITION TO THE DELINQUENT TAXES
THERE ARE COURT COSTS ASSESSED BY THE
DISTRICT CLERK'S OFFICE. FOR COURT
COST INFORMATION ONLY CALL (713) 755-
5711. FOR TAX AMOUNTS CALL YOUR TAX
OFFICE. FOR QUESTIONS CONCERNING THIS
LAWSUIT CALL THE ATTORNEY LISTED IN
THE PETITION.

Precinct No.
Deputy No.

STATE OF TEXAS
COUNTY OF HARRIS

Not prepared by the District Clerk. District
Clerk only certifies to the fact that the case is
on file in his office. The party and the
pleading named are a true and correct
reflection of the records on file in his office
under the above captioned cause number.

Tracking No. 74519560

SUIT NO. _____ 2025-54013

TO:   State of Texas, Child Support Division (In Rem Only), upon whom service may be obtained by serving Honorable Ken
Paxton, Attorney General for the State of Texas or his designee for service of process, 300 West 15th Street, Austin, Texas
78701
(Travis County)

GREETING: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who
issued this citation by 10:00 a.m. on the Monday next after the expiration of 20 days after you were served this citation, a default judgment may
be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to other parties of this
suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at
TexasLawHelp.org.

YOU ARE HEREBY COMMANDED to appear and answer, by filing a written answer, before the Honorable District Court, **333** Judicial
District, Harris County, Texas, at the Courthouse of said county in Houston, Texas, at or before 10 o'clock a.m. of the Monday next after the
expiration of 20 days from the date of service of this citation, then and there to answer the Petition of CITY OF HOUSTON, ET AL,
Plaintiff(s), filed in said Court on the 31st day of July, 2025, against BRUCE ALLEN JACKSON, JR., ET AL.

The nature of the suit is a demand to collect delinquent ad valorem taxes, penalties, interest, attorney's fees, court costs and abstractor's fees
incurred on the property described in Plaintiff(s) Petition, a true and correct copy of which is attached hereto and incorporated herein as if
repeated verbatim.

The amount of taxes due Plaintiff(s), exclusive of interest, penalties, and costs, is the sum of $4,934.35, said property being described as: **Lot
Ten (10), Block One Hundred Eighty-Two (182), Of Ryon Addition, An Addition To The City Of Houston, In Harris County, Texas,
According To The Map Thereof, Recorded In Volume 9A, Page 111 Of The Deed Records, Harris County, Texas.; Account No.
0311820000010**

The names of all taxing units that assess and collect taxes on said property, other than the Plaintiff(s) named above, are: HARRIS COUNTY;
HARRIS COUNTY HOSPITAL DISTRICT; HARRIS COUNTY DEPARTMENT OF EDUCATION; HARRIS COUNTY FLOOD CONTROL
DISTRICT; PORT OF HOUSTON AUTHORITY and GREATER NORTHSIDE MANAGEMENT DISTRICT. The foregoing taxing units, if
any be shown, are made and joined as parties to this suit and invited to add their claim by intervening herein. There are no taxing units which
assess and collect taxes on said property than Plaintiff(s) has failed to join as a party to this suit.

Plaintiff and all other taxing units who may set up their tax claims herein seek recovery of delinquent ad valorem taxes on the property and in
addition to the taxes, all interest, penalties, attorney fees, abstractor costs and court costs allowed by law up to and including the date of
judgment, post judgment interest at the maximum rate allowed by law and the establishment and foreclosure of liens securing the payment of
same, as provided by law.

All parties to this suit shall take notice that claims not only for any taxes which were delinquent on the property at the time this suit was filed but
all taxes becoming delinquent at any time thereafter up to the day of judgment, including all interest, penalties, attorney fees, and costs allowed
by law may be recovered without further citation or notice to any parties and all parties shall take notice of and plead and answer to all claims and
pleadings now on file and which may be filed in this cause by all other parties and by all those taxing units above named, who may intervene and
set up their tax claims against the property.

IF THIS CITATION IS NOT SERVED WITHIN 90 DAYS AFTER THE DATE OF ITS ISSUANCE, IT SHALL BE RETURNED
UNSERVED.

THE OFFICER OR OTHER AUTHORIZED PERSON EXECUTING THIS RETURN SHALL PROMPTLY SERVE THE SAME
ACCORDING TO THE REQUIREMENTS OF LAW AND THE MANDATES HEREOF AND MAKE DUE RETURN AS THE LAW
DIRECTS.

Issued and given under my hand and seal of said Court at Houston Texas, this the    1    day of    AUGUST    , 20  25 .

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
PO Box 3064
Houston TX 77253-3064
(713) 844-3580; (713) 844-3502 - FAX

ATTORNEY FOR PLAINTIFF



MARILYN BURGESS
CLERK OF THE DISTRICT COURTS
OF HARRIS COUNTY, TEXAS
201 CAROLINE 4TH FLOOR
HOUSTON, TX 77002

By: _____

Deputy

KOBI FATSURA

Certified Document Number: 122434931 - Page 1 of 2

SUIT NO.

**OFFICER'S RETURN**

CAME TO HAND on the ___ day of _____ 25 at _____ o'clock __M. and executed in _____ County, Texas, by delivering in person, a true copy of this citation and petition to the following Defendant at time and place, to-wit:

DATE _____   TIME _____   AM/PM __M.

Where Delivered, if different than that shown:

_____

By: _____
Deputy

State of Texas, Child Support Division (In Rem Only), upon whom service may be obtained by serving Honorable Ken Paxton, Attorney General for the State of Texas or his designee for service of process. 300 West 15th Street, Austin, Texas 78701
(Travis County)

Constable Tonya Nixon
Precinct One
4717 Heflin Ln. #127
Austin, TX 78744

Sheriff/Constable _____ County, Texas

*************************************************************

**ALTERNATE RETURN**

(Complete this Alternate Return only if unable to locate defendant)

CAME TO HAND on the ___ day of _____ at ___ o'clock __M, and after due and diligent search, I HAVE BEEN UNABLE TO LOCATE the within named Defendant in _____ County, nor have I been able to learn their whereabouts except as follows:

**NOTICE**

* If Substituted Service of Citation is required on this Defendant *
The Courts require the following:

1. *A MINIMUM OF SIX (6) ATTEMPTS FOR SERVICE OVER A TWO (2) WEEK PERIOD.*
2. These attempts cannot be on consecutive days.
3. Each attempt at service must be made at different hours of the day ( morning, afternoon and evening)
4. Provide a written explanation of what occurred on each attempt at service.
5. Do not use abbreviations.

| DATE | TIME | AM/PM | EXPLANATION |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Sheriff/Constable _____

By _____

**HARRIS COUNTY, TEXAS**
Deputy

Certified Document Number: 122434931 - Page 2 of 2



*P₃3*

I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 10, 2025

Certified Document Number:      122434931

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted
authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

8/29/2025 10:27 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 105013321
By: Alexis Burks
Filed: 8/29/2025 10:27 AM

P91

## CAUSE NO. 202554013

| | | |
|---|---|---|
| CITY OF HOUSTON, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| BRUCE ALLEN JACKSON,, JR. ET AL | § | 333RD JUDICIAL DISTRICT |

## HARRIS COUNTY'S ORIGINAL INTERVENTION

Pursuant to Rule 60 of the Texas Rules of Civil Procedure and § 33.44 of the Texas Property Tax Code, this claim for the recovery of delinquent ad valorem taxes, penalties, interest, and attorney's fees is filed by the following named Intervenor(s).

1. Intervenor(s) are the following countywide taxing entities: **HARRIS COUNTY, HARRIS COUNTY FLOOD CONTROL DISTRICT, PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, HARRIS COUNTY HOSPITAL DISTRICT, and HARRIS COUNTY DEPARTMENT OF EDUCATION (Intervenors).**

2. Intervenor(s) have given notice of the filing of this pleading to all other applicable taxing units, if any, as required by law.

3. Intervenor(s) adopt and incorporate Plaintiff's Original Petition and all subsequent live petitions.

4. Defendant(s) are named in the Plaintiff's Original Petition and Amended Petitions, as well as all persons owing, having, or claiming any interest in the property described in this pleading.

5. Pursuant to Texas Rule of Civil Procedure 117a(4) and Texas Tax Code § 33.45, the Court has jurisdiction to hear and determine the tax claims of all taxing units who are parties, and all parties to this suit are charged with notice of this claim without further citation or notice. *Conseco Fin. Servicing Corp. v. Klein ISD*, 78 S.W.3d 666, 675 (Tex.App.—Houston [14th Dist.] 2002, no pet.) (permits intervention without further service); *Mandel v. Lewisville ISD*, 499 S.W.3d 65, 74 (Tex.App.—Fort Worth 2016, pet. denied) (new claims with more onerous relief without further notice).

6. Intervenor(s) are legally constituted and authorized to impose and collect ad valorem taxes on the property. The taxes in the amounts stated below were legally imposed on each separately described property for each year specified and on each person who owned the property on January 1st of the year for which the taxes were imposed. The person(s) sued owned the property on January 1st of the year for which the taxes were imposed (personal liability) or owned the property (or an interest in the property) when the suit was filed (in rem liability). The taxes were imposed in Harris County, Texas, and all the properties described were, at the time the taxes were assessed, located within the boundaries of Intervenor(s).

7. As to each separately described property, there are delinquent taxes, penalties, interest, attorney's fees and costs associated with the lawsuit, justly due, owing, and unpaid against the property described below.

Certified Document Number: 122362407 - Page 2 of 5

**TAX OFFICE NUMBER: 0311820000010**
LT 10 BLK 182
RYON

*Pg 2*

| Jurisdiction | Tax Years | Tax Amount | Penalties & Interest | Attorney's Fees | Total Due |
|---|---|---|---|---|---|
| Harris County | 2023-2024 | $1,259.34 | $266.28 | $228.84 | $1,754.46 |
| Harris County Flood Control | 2023-2024 | $151.43 | $31.17 | $27.39 | $209.99 |
| Port of Houston of Harris County Authority | 2023-2024 | $20.19 | $4.28 | $3.67 | $28.14 |
| Harris County Hospital District | 2023-2024 | $531.04 | $111.97 | $96.45 | $739.46 |
| Harris County Department of Education | 2023-2024 | $15.97 | $3.41 | $2.91 | $22.29 |
| TOTALS: | | $1,977.97 | $417.11 | $359.26 | $2,754.34 |

**TOTAL DUE:**                                                                 **$2,754.34**

8. The taxes are delinquent. In addition, penalties, interest, and costs authorized by law that are stated above for each separately assessed property are due. Penalties and interest are due and continue to accrue.

9. In addition, pursuant Texas Property Tax Code § 33.48, costs are due for reasonable expenses in determining the name, identity, and location of necessary parties and in procuring necessary legal descriptions of the property on which the delinquent taxes are due and for all usual court costs. Intervenors are entitled to recover attorney's fees of 15 percent of the total amount of taxes, penalties, and interest due. In addition, Intervenors claim the expenses of foreclosure sale as costs. Intervenors are entitled to recover each penalty that is incurred and all interest that accrues on delinquent taxes imposed on the property from the date of the judgment to the date of the sale under Texas Property Tax Code § 34.01 or under Texas Local Government Code § 253.010, as applicable.

10. Claims for all taxes that become delinquent on the property(ies) at any time subsequent to the filing of this action up to the day of Judgment are incorporated in this suit and shall be recovered without further Citation or service of process, which will also include claims for penalties, interest, attorney's fees, and costs allowed by law.

11. Intervenor(s) assert a lien on each separately described property to secure the payment of all taxes, penalties, interest, attorney's fees, and costs due. All things required by law to be done have been done properly by the appropriate officials, and the undersigned attorney is legally authorized to prosecute the suit on behalf of Intervenors pursuant to Texas Property Tax Code § 6.30(a).

12. Intervenor(s) are entitled to personal judgment against Defendant(s) owning the property as of January 1st of each year these taxes were assessed for the total amount of all taxes, penalties, interest, costs, expenses, attorney's fees, and costs of court, as allowed by law. Intervenors do not seek personal judgment against Defendant Lienholder(s), if any. Intervenors are entitled to

foreclosure of its tax liens against Defendants and Defendant Lienholder(s), if any. Defendant Lienholders who are taxing units must include their tax claims in this suit for recovery of their delinquent ad valorem taxes due on the property to prevent the extinguishment of their liens, pursuant to Texas Property Tax Code § 33.44.

Therefore, Intervenor(s) request (a) a personal judgment for all taxes, penalties, interest, attorney's fees, and costs that are due or will become due on the property against the Defendant(s) who owned the property on January 1 of the year for which the taxes were imposed, to the extent allowed by law, and (b) judgment against Defendant(s) and Defendant Lienholder(s) for foreclosure of the lien and payment of all taxes, penalties, interest, costs, expenses, attorney's fees, cost of court, and other charges or expenses that are due or will become due and that are secured by the lien, (c) extinguishment of tax liens of taxing units who are made parties to this suit but who fail to file in this case their claims for delinquent taxes, (d) for an order that the property be sold to satisfy the judgment, and (e) for all other relief to which Intervenors may be entitled.

Respectfully submitted,

Harris County Attorney
Christian D. Menefee (99999902)

HOLLY MCAFEE, Assistant County Attorney
State Bar #: 24041619
SUSAN WELLS, Assistant County Attorney
State Bar #: 24048789
SUSAN FUERTES, Assistant County Attorney
State Bar #: 00790895
MARY VU, Assistant County Attorney
State Bar #: 24066250
HANNA KOVAL, Assistant County Attorney
State Bar #: 24143092
ELAINE HUBBARD-PALMER, Assistant County Attorney
State Bar #: 00798269
PO BOX 2928
HOUSTON, TX, 77252-2928
Email: TaxEservice.cao@harriscountytx.gov
Phone: 346-286-8787
**Attorneys for Intervenor(s)**

## Certificate of Service

I certify that a copy of this document was served on all other parties in compliance with TRCP 21a on the day of filing.

Bruce Allen Jackson, Jr., **Defendant**
7932 Wileyvale Rd.
Houston, TX 77016
Served via U.S. Regular Mail

The State of Texas, **Defendant (In Rem)**
Honorable Ken Paxton, Attorney General for the State of Texas
300 West 15th Street
Austin, TX 78701
Served via U.S. Regular Mail

Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
Attorney for Greater Northside Management District
1235 N Loop W #600
Houston, TX 77008
PBFCM-Houston@pbfcm.com
Served via Email

Khurram Khwaja
Linebarger Goggan Blair & Sampson, LLP
Attorney for Houston Community College, City of Houston,
and Houston Independent School District
P.O. Box 3064
Houston, TX 77253
khurram.khwaja@lgbs.com
houlitigation@lgbs.com
Served via Email

_____
Assistant County Attorney

*Pg 5*

# Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Katherine Schares on behalf of Holly McAfee
Bar No. 24041619
katherine.schares@harriscountytx.gov
Envelope ID: 105013321
Filing Code Description: Counter Claim/Cross
Action/Interpleader/Intervention/Third Party
Filing Description: Harris County Original Intervention
Status as of 8/29/2025 1:39 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| Khurram Khwaja | 24146304 | khurram.khwaja@lgbs.com | 8/29/2025 10:27:24 AM | SENT |
| Jason Bailey | 790253 | PBFCM-Houston@pbfcm.com | 8/29/2025 10:27:24 AM | SENT |
| Holly McAfee | | Holly.McAfee@harriscountytx.gov | 8/29/2025 10:27:24 AM | SENT |
| Holly McAfee | | taxservice.cao@harriscountytx.gov | 8/29/2025 10:27:24 AM | SENT |



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 3, 2025

Certified Document Number:      122362407

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted
authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

**F I L E D**
Marilyn Burgess
District Clerk

SEP 10 2025 *1131*

SUIT NO. 2025-54013/COURT 333

Time: _____
Harris County, Texas
By _____
Deputy

*PS1*

## CERTIFICATE OF SERVICE

I Bruce Jackson Jr. certify that a copy of this document was sent to the attorney on record on or before filing day.

SEPTEMBER 09, 2025

Angelica Hernandez, Linebarger Goggan Blair & Sampson, LLP, Attorney for Houston Community College, City of Houston, and Houston Independent School District, P.O. Box 3064, Houston, TX 77253.

Christian D Menefee, Harris County Attorney's Office, Property Tax Division, P. O. BOX 2928, Houston, TX 77252-2928.

The Office of the Attorney General, 300 W. 15th Street, Austin, TX 78701.

## CONTENTS

NOTICE OF REMOVAL--- THREE PAGES

THIS SERVICE CONSIST OF FOUR PAGES

SEPTEMBER ___9___, 2025    Bruce Allen Jackson Jr. 5503 Chapman, Houston Texas 77009

Phone 832) 613-1564    *Bruce Jackson Jr*

NOTICE OF REMOVAL                                            P52

"IN CARE OF"

Bruce Allen Jackson Jr. (Sui-Juris)            SEPTEMBER 09, 2025
5503 Chapman St
Houston TX 77009
832) 613-1564                                  Removed From
                                               HARRIS COUNTY DISTRICT COURT (333)
                                               Civil Action No. 2025 54013
CITY OF HOUSTON                                JUDGE TRACY GOOD
                                               ATTORNEY ANGELICA HERNANDEZ
          vs.                                  LINEBAGER GOGGAN BLAIR & SAMPSON

Bruce Allen Jackson Jr. (Sui-Juris)            Demand For A Trial By Jury

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT OF TEXAS (HOUSTON)

## 28 U.S. Code 1441(a)  Federal Question

### THIS INSTRUMENT IS EXECUTED IN TRUTH, HONESTY IN FACT AND GOOD FAITH

### SUMMARY

Comes now Bruce Allen Jackson Jr. in the above case, and files this Notice of Removal to remove this action and all filed exhibits to the jurisdiction of the United States pursuant to 28 U.S.C. 1441(a) and 1446, and respectfully show the Court the following,

### ANALYS

1. There have been and continue to be, violations against the civil and constitutional rights of Bruce Jackson Jr. in this case and other cases which have not been duly protected.

2. It seems that The City of Houston is standing in place of Harris County; therefore its standing is at question. Harris County is acting as an Intervener.

3. Notices for information were sent to Harris County Tax Office (2), Harris County Attorney Office (1) and the Attorney General (1), all has NO response (Exhibit A and B) filed with the Judicial Notice Of Due Process Violation at Harris County Court Clerk Office on 09/05/2025.

4. The Intervener has a duty to serve its own documents to the correct address, this action has not happened. Furthermore, the Intervener and the Petitioning Attorney had full

knowledge of the correct address, but willfully sent the service (regular mail) to the wrong address. (see the original petition)

5. The Intervener has been served a Mandatory Judicial Notice dated 08/03/2025 that has not yet been answered. (Exhibit B, filed with the Clerk on 09/05/2025)

6. The In Rem standing at defendant, Office of the Attorney General has not yet turned over requested information (Exhibit H), Notice for Validation for In Rem Standing, filed with the Clerk on 09/05/2025).

7. The In Rem Standing is not valid, for Case No. RP2025-118176, on 04/01/2025 (was never noticed and served) the assumed defendant was not at court. The Attorney General has acquired a final Judgment which is void on its face. Furthermore the notice seems to have been sent to the wrong address intentionally, since cause, the correct address was already on file. Evermore, the question would arise, was a Plaintiff or a Defendant present.

8. The Harris County Tax Office, collectors for the Petitioners has not turned over requested information on the petitioner's behalf. (this action also questions the Standing)

## CONFLICTS OF INTEREST

1. It is believed, and can possibly be proven beyond reasonable doubt that, the municipal jurisdiction and the state jurisdiction are trading, evading information and evidence in a fashion that would be subjecting to crimes under the Racketeering Influenced and Corrupt Organizations Act.

2. The petitioner and the intervener do not seem to be at a meeting of the mind of the amount that is assumed to be owed.

3. The Citation is at an error, the amount for relief is also different. There is no clear disclosure of the amount for relief.

4. The Harris County Clerks on the first floor office are refusing to sign the filing stamps validating proof of the filings. (seem to want to remain anonymous)

5. The state judges seem to be working in tandem with the clerks to file botched Final Judgment Orders. As in case 2021-40007 where a Final Judgment Order was filed one month before the order was even given, and in that case, servicing were willfully ignored or sent to the wrong address. (Exhibit B) filed on 09/05/2025.

6. It seems that the The City of Houston and Harris County Attorney's, Prosecutor's, Clerks, County and Municipal Judges and Investigators practice Willful Ignorance, is

Pg 4

ignorant, or nescient when they are challenged on Jurisdiction or faced with an Affidavit with Hard Evidence that may show a co-worker as the Perp. Persons of/at the mentioned offices seem to be negligent and discriminative. Furthermore, it seems they owe a Relevant Responsibility to an entity that does not have the best interest of the people.

7.  Jackson Jr. will make mention that Tharesa Jenkins at Houston Police Department, 1200 Travis, told me that she was going to throw the affidavits (2) for criminal case #1794495-24 in the trash. ("is that legal, is she hiding or covering something?") This action is at conflict since cause those affidavits are Discoverable and Circumstantial Evidence for the issue now at hand. "Lord I hope she still has those affidavits."

8.  The petitioners, standing as City of Houston, has brought this suit for its client or holder, (not sure of the standing) using false ("factored numbers") to make its calculations, to determine its Ad Valorem values. These values could not possibly by correct, since cause, the values are based on ("specific numbers") that are not correct or don't even exist in real time, even at the very moment that I write this clause.

## CONCLUSION

The parties and this court are hereby given notice that the combination of filings made under both this cause now here within, as well as with the aforementioned federal court, automatically divests this Court of any and all further authority and jurisdiction over these proceedings. (28 U.S.C. 1446(d)

Therefore there will no more bearings, orders or any other proceeding held, made or done within this state suit until and unless farther notice or order is first made by a Federal Judge of said United States District Court of Texas.

September _9_, 2025    Bruce Allen Jackson Jr., 5503 Chapman, Houston Texas 77009

Phone 832) 613-1564    _Bruce Jackson Jr_

### NOTARY ACKNOWLEDGEMENT

This instrument was acknowledged before me this _9th_ day of September, 2025 by _Bruce Jackson Jr_

STATE OF _Texas_, COUNTY _Harris_,

Notary Public, _Monica M Falcon_

MONICA M. FALCON
Notary Public, State of Texas
Comm. Expires 11-03-2028
Notary ID 130887370