United States District Court
Southern District of Texas
**ENTERED**
April 20, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CITY OF HOUSTON, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-4311 |
| | § | |
| BRUCE ALLEN JACKSON JR., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER REMANDING CASE

Before the Court is a motion to remand filed by Plaintiffs the City of Houston, Houston Independent School District, and the Houston Community College System (collectively "the taxing authorities"). (Dkt. 15). After careful consideration of the pleadings, the entire record, and the applicable law, the Court **GRANTS** the motion. This case is **REMANDED** to the 333rd Judicial District Court of Harris County, Texas, where it was assigned case number 2025-54013.

## FACTUAL AND PROCEDURAL BACKGROUND

The taxing authorities sued Defendant Bruce Allen Jackson, Jr. ("Jackson") in Texas state court to recover delinquent property taxes. (Dkt. 1-1 at pp. 4–7). In their state-court pleading, the taxing authorities only raised a claim under Section 33.41 of the Texas Tax Code. (Dkt. 1-1 at pp. 4–7). Nevertheless, Jackson removed the case to this Court under the federal question jurisdiction statute, 28 U.S.C. § 1331.[1] (Dkt. 1 at p. 2).

---

[1] Jackson also mentions 28 U.S.C. § 1343 as a basis for removal. (Dkt. 1 at p. 2). Section 1343 is a now-somewhat-obscure statute that creates federal subject matter jurisdiction for civil rights cases, and it was rendered essentially superfluous in 1980 when Congress amended the federal

## LEGAL STANDARDS

A defendant may remove to federal court a state-court civil action over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a); *see Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Because it implicates important federalism concerns, removal jurisdiction is strictly construed. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir. 1997). Any doubts concerning removal must be resolved in favor of remand, *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000), and the federal court "must presume that a suit lies outside [its] limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removing party bears the burden of establishing by a preponderance of the evidence that federal jurisdiction exists and that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

*—Federal question jurisdiction*

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. An action can "arise under" federal law as contemplated in Section 1331 in two ways. The first and more obvious way is where a well-pleaded complaint explicitly asserts a cause of action

---

question jurisdiction statute (Section 1331) to eliminate any amount-in-controversy requirement. *Bailey v. Pritzker*, No. 3:20-CV-474, 2020 WL 3498428, at *4–7 (S.D. Ill. June 29, 2020); *see also Myles v. United States*, 416 F.3d 551, 554 (7th Cir. 2005). In any event, proper removal under Section 1343, like proper removal under Section 1331, would require a federal issue to appear on the face of the taxing authorities' state-court pleading. *See, e.g., Bailey*, 2020 WL 3498428 at *4–7; *Spaulding v. Mingo County Board of Education*, 897 F. Supp. 284, 286–89 (S.D.W.Va. 1995). As the Court discusses in the balance of this opinion, no federal issue appears on the face of the taxing authorities' state-court pleading.

created by federal law. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013); *Singh v. Duane Morris LLP*, 538 F.3d 334, 337 (5th Cir. 2008).

The second way is where a well-pleaded complaint asserts a state-law cause of action that "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[.]" *Venable*, 740 F.3d at 941 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)) (brackets omitted); *see also Singh*, 538 F.3d at 338. A state-law cause of action does not raise a federal issue simply because the parties may ultimately litigate a federal issue, *Venable*, 740 F.3d at 942–43; *Singh*, 538 F.3d at 338, and a civil action does not arise under federal law by dint of a "mention of federal law" in its articulation of a state-law claim. *Howery*, 243 F.3d at 917–19. Rather, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Venable*, 740 F.3d at 943 (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)) (brackets and capitalization omitted); *see also Singh*, 538 F.3d at 338 (noting that resolution of the federal issue must be "*necessary* to resolution of the state-law claim") (emphasis added).

Ultimately, the determination of whether a state-law claim raises a federal issue that confers subject matter jurisdiction on the federal courts is a "contextual" one for which there is no "bright-line rule[.]" *Grable*, 545 U.S. at 317–18. Under the well-pleaded complaint rule, the court limits its inquiry to "what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation or avoidance of

defenses which it is thought the defendant may interpose." *Venable*, 740 F.3d at 942 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)).

## ANALYSIS

Jackson has not carried his burden of establishing by a preponderance of the evidence that federal jurisdiction exists and that removal was proper. In his response to the taxing authorities' motion to remand, Jackson contends that his counterclaims under federal law confer federal question jurisdiction on this Court. (Dkt. 17 at p. 8).

The Court disagrees. The taxing authorities have sued Jackson solely under a Texas state-law cause of action, and Jackson cannot create federal subject matter jurisdiction by simply raising federal questions as defenses or counterclaims. *Bernhard v. Whitney National Bank*, 523 F.3d 546, 550–51 (5th Cir. 2008) ("Even an inevitable federal defense does not provide a basis for removal jurisdiction."); *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."). As discussed above, a state-law cause of action does not raise a federal issue simply because the parties may ultimately litigate a federal issue. *Venable*, 740 F.3d at 942–43; *Singh*, 538 F.3d at 338. The Court concludes that Jackson's counterclaims do not create federal subject matter jurisdiction. Accordingly, Jackson has failed to carry his burden as to federal question jurisdiction, and remand is appropriate.

## CONCLUSION

Plaintiffs' motion to remand (Dkt. 15) is **GRANTED**. This case is **REMANDED** to the 333rd Judicial District Court of Harris County, Texas, where it was assigned case number 2025-54013.

The Clerk is directed to provide a copy of this order to the parties. The Clerk is further directed to send a certified copy of this order via certified mail, return receipt requested, to the District Clerk of Harris County, Texas and the Clerk of the 333rd Judicial District Court of Harris County, Texas.

Any other pending motions are **DENIED as moot**. This civil docket is **CLOSED**.

SIGNED at Houston, Texas on April 20, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE